**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NORA ELENA OCHOA-SUAREZ,       :

        Petitioner,       :

  -against-       :

UNITED STATES OF AMERICA,      :

        Respondent.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

07 Civ. 9275 (JFK)
03 Cr. 747 (JFK)
**ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-7-08
```

**JOHN F. KEENAN, United States District Judge:**

        Petitioner Nora Elena Ochoa-Suarez moves the Court to reconsider its May 23, 2008 memorandum opinion and order (the "Order") denying her habeas petition, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion is denied.

        In her habeas petition, Petitioner sought to vacate her guilty plea on the grounds that "her attorney 'always explained' that she would qualify for the safety valve and, therefore, would not be subject to the ten-year minimum" applicable to her offense. (Order at 8 (quoting Pet'n at 14)). The Court rejected this ineffective assistance claim on the ground that "[her] factual assertions regarding [her] counsel's alleged ineffectiveness simply contradict [her] sworn statements at the plea allocution." (Order at 11 (quoting United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001)).  Petitioner affirmed at her plea allocution that "she knew that her plea

could subject her to a ten-year mandatory minimum sentence," that "she was not induced to plead guilty by any promise or statement by anybody to the effect that she would receive leniency or special treatment by pleading guilty instead of going to trial," and that "she understood that the Court alone would fix her sentence based on its own consideration of the guidelines." (Order at 10.)    The Court found Petitioner's claim further undermined by the fact that she "expressed no surprise at sentencing when the Court imposed the mandatory minimum of ten years" and that she never sought "to withdraw her plea or attack it on direct appeal on the ground that she had not understood that the ten-year minimum might apply." (Id. at 12.)

        Before denying the petition, the Court had issued an order directing Petitioner's former counsel, Sabrina Shroff, Esq., ("Shroff") to submit an affidavit regarding the advice that she gave Petitioner about the sentencing consequences of pleading guilty, and to mail a copy of the affidavit to Petitioner. (Apr. 30, 2008 order, dckt. no. 39.)    That order also permitted Petitioner to submit a reply to the affidavit within ten days of receiving it.    The Court received Shroff's affidavit, which is dated May, 4, 2008, on May 6, 2008.    The affidavit was not filed in the Clerk's office.

        Petitioner claims that she never received a copy of Shroff's affidavit in the mail.    Therefore, she had no

opportunity to respond to it. She requests that the Court set aside its May 23, 2008 Order denying her habeas petition, allow her an opportunity to "provide contradictory information against [the] affidavit," and then reconsider whether she is entitled to habeas relief. (Motion for Reconsideration at 2-3, dckt. no. 41.) In a subsequent affidavit, Ms. Shroff attests that she mailed a copy of the affidavit to Petitioner on or around May 4, 2008.

The Court will assume that, due to the vagaries of the prison mail system, Petitioner never received a copy of the affidavit. Even so, her motion for reconsideration must be denied. "Generally, motions for reconsideration [under Rule 59] are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Wall v. Union of NA, Laborers' Intern., --- F.3d. ---, 2008 WL 1931216, at *1 (2d Cir. May 2, 2008). In rejecting her habeas claim, the Court did not rely on Shroff's affidavit but on Petitioner's own prior sworn statements. The Order denies the claim before any discussion of the Shroff affidavit; (Order at 11), makes it clear that the affidavit was solicited in "an excess of caution," (Id. at 12); and simply notes that Shroff's account "is consistent with Ochoa-Suarez's sworn testimony at the plea colloquy that she had

3

been advised of and understood all relevant sentencing consequences, including the applicability of the ten-year mandatory minimum." (Id. at 13-14).

Petitioner fully presented her claim of ineffective assistance in a 26-page memorandum, a sworn affidavit attached to that memorandum, and a 6-page reply to the government's opposition brief. The fatal flaw in her claim, as I held in my Order, is that "her factual assertions regarding her counsel's alleged ineffectiveness simply contradict her sworn statements at the plea allocution." (Order at 11 (brackets omitted)).    A second affidavit from Petitioner cannot correct this flaw and, accordingly, her motion for reconsideration is denied.

**SO ORDERED.**

**Dated:**        **New York, New York**
              **July 3, 2008**

                    *John F. Keenan*
                    **JOHN F. KEENAN**
                    **United States District Judge**

4